IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PAUL MARDA | No. 04-10278-RGS |

## MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS

Defendant Paul Marda moves this Court to suppress any and all statements derived from his illegal interrogation by Boston Police Sgt. Detective Terestre on March 12, 2004. The interrogation itself violated the Fifth Amendment.

### Factual Background[1]

On March 12, 2004, members of the Boston Police executed a search warrant at 36 Ridgewood Street, Apartment 2, Dorchester, Massachusetts.[2] Just before entering the premises, officers observed the defendant, whom they had identified as Nathiel Robinson, leave 36 Ridgewood Street and get into a car. The defendant drove off and the Boston Police stopped him somewhere in the vicinity of 36 Ridgewood Street in Dorchester. He was placed under arrest and eventually transported to the police department.

After a forced entry, the police searched the second floor apartment at 36 Ridgewood Street and discovered that there were a number of people in the apartment. Bari Robinson

---

[1] This preliminary statement of facts is derived from the police report of Officer Robert England of the Boston Police Department, the grand jury testimony of Special Agent Lisa Rudnicki, and the affidavit of the defendant, Paul Marda, attached as Exhibit A.

[2] Dorchester District Court search warrant number 0407SW000038.

("Robinson") was found in the apartment along with at least three other people. During the search, the police recovered a number of items including a handgun, a quantity of cocaine, and marijuana. In addition to the defendant, Robinson and Johanne Dumond were arrested and charged with drug and weapons offenses.

While at the police station, Sgt. Detective Terestre attempted to question the defendant but failed to advise him of his so called Miranda rights. Sgt. Detective Terestre noted in his report that the defendant admitted to ownership of the gun as he needed it for his protection. The defendant claims that he made no such statement and that he was never advised of his Miranda warnings. See affidavit of Paul Marda, Exhibit A. The defendant's alleged statements were not tape recorded and the discovery provided in this case does not include any Miranda waiver form signed by him.

**Argument**

I.  THE GOVERNMENT MUST PROVE THAT DEFENDANT WAS INFORMED OF HIS RIGHTS UNDER MIRANDA V. ARIZONA, 384 U.S. 436 (1966)

The prosecution may not use statements obtained through custodial interrogation of a defendant unless it demonstrates that the defendant was informed of his right to remain silent, that anything he says can be used against him in court, that he has the right to have a lawyer present during questioning, and that a lawyer will be provided for him if he cannot afford a lawyer. Miranda v. Arizona, 384 U.S. 436, 444, 479 (1966).

It is beyond dispute that defendant was in custody on March 12, 2004 when he was questioned by members of the Boston Police. It is also beyond dispute that he was interrogated. Thus, the government bears the burden of proving that defendant was informed of his rights

under <u>Miranda</u>.  If the government fails, the statements must be suppressed.

II.     DEFENDANT DID NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY WAIVE HIS RIGHTS

Even if the government can provide some proof that the defendant was informed of his rights, any statements still must be suppressed unless the government can show by a preponderance of the evidence that the defendant knowingly, intelligently, and voluntarily waived those rights.  <u>Colorado v. Connelly</u>, 479 U.S. 157, 168 (1968); <u>Miranda</u>, 384 U.S. at 444.

The inquiry has two distinct dimensions. . .First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception.  Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.  Only if the 'totality of the circumstances surrounding the interrogation' reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the <u>Miranda</u> rights have been waived.  <u>Moran v. Burbine</u>, 475 U.S. 412, 421 (1986) (citations omitted).  Of course, if the defendant was not informed of his rights, he cannot possibly have waived them knowingly.

III.    MR. MARDA WAS NOT PROVIDED WITH MIRANDA WARNINGS DURING HIS INTERROGATION AND THUS DID NOT KNOWINGLY AND VOLUNTARILY WAIVE SAID RIGHTS

Recognizing that the compulsion inherent in custodial interrogation threatens the Fifth Amendment's guarantee against compelled self-incrimination, the Supreme Court observed in <u>Miranda</u>  that, "[u]nless adequate protective devices are employed to dispel the compulsion inherent in custodial surroundings, no statement obtained from the defendant can truly be the

product of his free choice." Miranda, 384 U.S. at 436, 458. The Court therefore held that whenever, "a person has been taken into custody or otherwise deprived of his freedom of action in any significant way" and the authorities interrogate him, any statements elicited will be inadmissible unless they were preceded by the now familiar "Miranda warnings" and a valid waiver of the rights to silence and counsel explained in those warnings. Miranda, 384 U.S. at 444; see also United States v. Byram, 145 F.3d 405, 409 (1st Cir. 1998).

It is undisputed that Mr. Marda was under arrest and held in custody pending his initial court appearance when he was interrogated. The only question, then, is whether his Miranda rights were properly administered, and a valid waiver of those rights obtained, before the interrogation commenced.

"Interrogation," for purposes of Miranda, includes "either express questioning or its functional equivalent," including, "any words or actions on the part of the police...that the police should know are reasonably likely to elicit an incriminating response from the suspect." Rhode Island v. Innis, 446 U.S. 291, 300-301 (1980); see also United States v. Genao, 281 F.3d 305, 310 (1st Cir. 2002). Whether police statements and conduct *other than* express questions constitute interrogation is again an objective inquiry. See United States v. Taylor, 985 F.2d 3, 7 (1st Cir. 1993).

Here, the administration of Miranda warnings to Mr. Marda never occurred. See Exhibit A. Sgt. Detective Terestre simply confronted Marda and stated that the police knew the gun belonged to him. Id. Mr. Marda repeatedly denied knowledge of and /or possession of any gun. Id. Any reasonable person in Mr. Marda's position would have perceived these comments as an attempt by the police to intimidate him into provide incriminating information. Sgt. Detective

Terestre's accusatory statements were crafted to prompt an incriminating response from Marda, and any reasonable police officer would understand that it was reasonably likely to do so. Mr. Marda was thus subjected to custodial interrogation before he had the benefit of <u>Miranda</u> warnings.

Moreover, <u>Miranda</u> warnings given at the time of arrest or at an earlier time are not sufficient to put a suspect on notice of his rights with respect to a subsequent interrogation.[3] Any custodial interrogation conducted by the law enforcement officers must be preceded by a recitation of <u>Miranda</u> warnings and a knowing waiver of those rights by the person being questioned. In this case, Mr. Marda was not given <u>Miranda</u> warnings prior to Sgt. Detective Terestre's interrogation and so he could not possibly have waived those rights in an informed manner.

## Conclusion

For the foregoing reasons, Mr. Marda's Motion to Suppress Statements should be GRANTED.

## Request for Evidentiary Hearing

Mr. Marda requests an evidentiary hearing on this Motion.

## Reservation of Right to Supplement and Amend

Mr. Marda reserves the right to supplement or amend the facts and legal arguments in this Motion in response to filings or additional information provided by the government.

---

[3] The report of Officer Robert England, attached as Exhibit B, does not indicate that <u>Miranda</u> warnings were given to Mr. Marda at the time of his arrest near the Ridgewood Street apartment.

Respectfully submitted,

PAUL MARDA
by his attorney

/s/ Oscar Cruz, Jr.
Oscar Cruz, Jr., Esq.
FEDERAL DEFENDER OFFICE
408 Atlantic Ave., 3d Floor
Boston, MA 02110
617-223-8061

## Certificate of Service

I, Oscar Cruz, Jr., hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 15, 2007.

/s/ Oscar Cruz, Jr.
Oscar Cruz, Jr.