**AFFIDAVIT OF SERGEANT DETECTIVE ALBERT TERESTRE**
UNITED STATES V. PAUL MARDA, A/K/A NATHANIEL ROBINSON
Criminal No. 04-10278-RGS

I, Albert Terestre, do hereby state under the penalties of perjury that the following is true to the best of my knowledge and belief:

1. I am a Sergeant Detective employed by the Boston Police Department;

2. I have been a police officer for over 20 years;

3. On March 12, 2004, defendant Paul Marda, a/k/a Nathaniel Robinson, a/k/a Nathiel Robinson, was arrested by the Boston Police Department in connection with the above entitled criminal matter;

4. Prior to the defendant's arrest, the Boston Police Department had obtained a search warrant for the defendant and for his purported residence of 36 Ridgewood Street, apartment #2, Boston;

5. On the date of offense, it is my understanding that other police officers involved in this investigation, observed the defendant coming out of that residence and enter a motor vehicle that was registered to him;

6. Officers stopped that motor vehicle and thereafter returned to 36 Ridgewood Street, apartment #2 residence with the defendant;

7. Officers, armed with the search warrant, then entered apartment #2 and located two other individuals located inside of that apartment;

8. All three individuals were advised of their Miranda rights in English, by myself, while in the kitchen of that apartment;

9. Said rights were given by me orally from a Miranda card that I carried on my person;

10. After reading each of the Miranda rights contained on that card, to all three individuals, I asked each one if he/she understood those rights;

11. All three individuals, which included the defendant, acknowledged the Miranda rights;

12. Police officers then proceeded to execute the search warrant at that apartment, and recovered among other items, a firearm, ammunition and illegal narcotics;

13. After said items were recovered, defendant Marda along with the two other individuals were placed under arrest;

14. Defendant Marda and the two other individuals were thereafter transported to the Boston Police Department for booking;

15. At the station, I brought the defendant to the booking area separate from the other two individuals, where I re-advised the defendant of his Miranda warnings orally in English, by reading the Miranda rights to the defendant that were located on the wall of the booking area directly behind where the defendant was standing;

16. Defendant turned around towards that wall while I was reading said Miranda warnings to him;

17. There were no obstructions between the defendant and the rights located on the wall while I was reading them to him;

18. Said warnings consisted of the same rights that I had previously read to him from my card while at 36 Ridgewood Street, apartment #2;

19. After being informed of his Miranda rights by myself in the booking area, the defendant acknowledged those rights;

20. After acknowledging said Miranda rights at the booking area, I asked defendant Marda if he had a license to carry a firearm and defendant replied 'no'. I then asked the defendant where the firearm came from and defendant Marda orally made a statement that he had the 'tech 9 because he had problems with a group down the street and [he] needed it for his protection' (see police report of Detective England identified as Exhibit B in defendant's Memorandum in Support Motion to Suppress).

21. At no time during or after each time that I apprised defendant Marda of his Miranda warnings, did he indicate he did not understand the warnings that were given to him;

22. At no time during or after each time that I apprised defendant Marda of his rights, did he indicate he did not wish to speak to the police;

23. At no time during or after each time that I apprised defendant Marda of his rights, did the defendant indicate that he wished to consult with an attorney;

24. The defendant did not appear to be under the influence of alcohol or narcotics on that date;

25. I left the booking area after the defendant made that statement(s) and I proceeded to another area in the police department;

26. It is my belief that after I left the booking area where the defendant was located, Officer Brian Mulrean proceeded to process defendant Marda and during said processing, defendant Marda was given a written form of Miranda warnings that both defendant Marda and Officer Mulrean signed.

_____
Sgt. Det. Al Terestre

8/29/2007
August 29, 2007